IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DOYLE E. WOOD <br> and <br> CYNTHIA GROSS, <br>       Plaintiffs, <br> <br> v. <br> <br> AMERICAN FAMILY MUTUAL <br> INSURANCE COMPANY <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 08-1230-JTM <br> ) <br> ) <br> ) <br> ) |

**ORDER**

This matter is before the court on the defendant, American Family Mutual Insurance Company's motion to dismiss. (Dkt. No. 6).

American Family Mutual Insurance Company (hereinafter "American Family"), argues that all fraud claims, including those alleged in paragraphs 5 and 6 in plaintiffs' amended petition (Dkt. No. 6-2) should be dismissed for failure to plead with particularity and that paragraph 8 should be dismissed for failure to state a claim for relief. (Dkt. No. 7 at 4). Faced with a motion to dismiss, the court must determine whether there are "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). When resolving a motion to dismiss, the issue is not whether the plaintiffs will ultimately prevail, but instead is whether the plaintiffs are entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To survive a motion to dismiss, an allegation of fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch. Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting

1

*Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

In the plaintiffs' response to the defendant's motion to dismiss, they maintain that paragraph 8 is not an independent cause of action against the defendant. (Dkt. No. 8 at 5). Further, the plaintiffs acknowledge that their pleadings failed to meet the standards required by Fed.R.Civ.P. 9(b). (Dkt. No. 8 at 1). Should the court find the defendant's arguments for dismissal are meritorious, the plaintiffs requested leave of the court to file an amended complaint. (Dkt. No. 8 at 3). The plaintiffs attached a proposed Amended Complaint to their response. (Dkt. No. 8-2).

"The dismissal of a complaint . . . for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Fed. Rules Civ.P. 12(b)(6)." *Seattle-First Nat. Bank v. Carlstedt*, 800 F.2d 1008, 1011 (10th Cir. 1986). The pleading with precision of time, place, and content of the false representations, as well as the identity of the person making the misrepresentation and what he or she obtained thereby serves Rule 9(b)'s purpose by apprising the defendant of the claim against him and of the acts relied upon to establish the fraud charged.

The plaintiffs' petition was deficient because they failed to plead the fraud claims with the particularity required. The plaintiffs' proposed Amended Complaint is partially successful in addressing the deficiency. Paragraph 8 appears to be the plaintiffs' claim for fraud:

> Defendant contracted with American Metropolitan Environmental, Inc. ("AMEI"), to inspect the plaintiffs' home for damage. Steve Moreland performed the inspection for AMEI on or about September 29, 2006. Shortly after performing the inspection, the defendant's property claims examiner, Cookie Nonken, directed Moreland to downplay the mold damage to the home and residence. At about the same time, the plaintiff Doyle Wood overheard an employee of another third party working for the defendant, NCRI, being told by his supervisor not to mention damage to the plaintiffs if they did not see it as American Family wanted the job completed quickly."

(Dkt. No. 8-2 at 3).

The court finds that the plaintiffs' Amended Complaint sufficiently alleges fraud with respect to Nonken and Moreland. (Dkt. No. 8-2 at 3). However, the allegation that "an employee of another third party working for the defendant being told by his supervisor . . ." does not reach the requisite level of particularity. The plaintiffs do not identify the employee, the supervisor, or the third party referenced in the allegation. Those identities are necessary to meet the standard for pleading fraud. *See Koch v. Koch. Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).

The defendant filed a reply brief in support of its motion to dismiss and a response to plaintiffs' motion to amend. (Dkt. No. 10). The defendant does not oppose plaintiffs' motion to amend. (Dkt. No. 10 at 1). The court does not express an opinion as to the merits of the plaintiffs' fraud claim. The defendant asserts that it would be more efficient to resolve this matter "via a partial summary judgment motion." (Dkt. No. 10 at 1). A motion by the defendant for summary judgment on the fraud claims may be appropriate once discovery is complete.

IT IS THEREFORE ORDERED, this 19th day of February, 2009, that defendant's motion to dismiss is denied.

IT IS FURTHER ORDERED, that plaintiffs shall have 21 days to amend their claim of fraud against American Family. If the amended complaint does not meet the Rule 9(b) requirements, the court will entertain another motion to dismiss the fraud count.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE