# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DOYLE E. WOOD and )
CYNTHIA GROSS, )
)
                Plaintiffs, )
)
v. )        Case No. 08-1230-JTM-DWB
)
AMERICAN FAMILY MUTUAL )
INSURANCE COMPANY, )
)
                Defendant. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Protective Order (Doc. 31)

regarding Plaintiffs' Fed.R.Civ.P. 30(b)(6) deposition notice.  (Doc. 25.)  Plaintiffs

have responded (Doc. 34) and Defendant filed a reply (Doc. 36).  After a review of

the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

A summary of the case is contained in the Pretrial Order entered on

November 9, 2009, which is incorporated herein by reference.  (Doc. 40, at 2, 3-5.)

The case is involves a dispute relating to a home owners insurance contract.  In its

most basic terms, Plaintiffs contend that Defendant "failed to fully meet its

obligations under the insurance contract after a water supply line broke in their home causing water damage." (*Id*., at 2.) Plaintiffs contend that one of Defendant's employees

> committed fraud on behalf of the defendant by instructing its contractors to conceal the full extent of the property damage to [Plaintiffs]. The plaintiffs relied on the defendant insurance company to undertake an appropriate remediation.

(Doc. 13, at ¶¶ 8-9.)

Plaintiffs issued a 30(b)(6) deposition notice requesting Defendant to designate a corporate representative "in charge of advertising for [Defendant] in the state of Kansas for the years 2005 and 2006." (Doc. 25.) Plaintiffs also requested that the deponent bring "all print, radio, and television ads that a Kansas resident would have seen in 20005 and 2006." (*Id*.) Defendant brings the present motion seeking a protective order quashing the deposition notice. (Doc. 31.)

## DISCUSSION

Fed. R. Civ. P. 26(b) states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." "'Discovery relevance is minimal relevance,' which means it is possible and

reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).

Defendant initially argues that the proposed discovery is irrelevant to Plaintiffs' claims of fraud and breach of contract. (Doc. 32, at 3-6.) The Court has reviewed the Pretrial Order entered in this case. There is nothing contained therein which would indicate Defendant's advertising was fraudulent and/or that Plaintiffs allegedly relied thereon to their detriment. (*See* Doc. 40, at 3-4.) Further, the allegations contained in Plaintiffs' Amended Complaint discuss fraud only in the context of Defendant's employee allegedly directing inspectors and/or contractors to "downplay" and/or "conceal" the mold damage to the property in question. (*See generally*, Doc. 13, at 3.)

As for the contract claim, there are no allegations contained in either the Pretrial Order or the Amended Complaint alleging or implying that a contract was created by Defendant's advertising. (Docs. 13, 40.) For instance, the Pretrial

Order includes Plaintiffs' allegation that Defendant failed to pay contractually obligated sums under the insurance contract.  (Doc. 40, at 4.)

Plaintiffs respond that the requested deposition and documents are encompassed by the broad interpretation of "relevancy" during discovery.  (Doc. 34, at 5.)  They contend that information requested "will show that American Family promised to come to the immediate aid of a family with damage to their home," which, they argue, "is probably the best way to show that American Family is aware of how important it was to immediately react after a loss to limit damages."  (*Id*., at 6.)

Plaintiffs continue that they must establish the "reliance" element of their fraud claim in that they "reasonably relied and acted upon the promise of the American Family adjuster when she promised them that she would hire an expert to come to their house and investigate the mold problem."  (*Id*.)  They continue, "[w]hat better way to show this than the defendant's ad campaign to convince consumers that American Family would stand by them in the case of a loss?"  (*Id*., at 7.)

Plaintiffs' arguments stretch the bounds of relevancy under the facts and theories of this case.  First, the material sought is not calculated to lead to the discovery of admissible evidence as to Plaintiffs' main claim that Defendant's

adjustor instructed contractors to conceal the full extent of damage to Plaintiffs' home.  *See* Pretrial Order, Doc. 40 at 4.  To the extent that Plaintiffs are also claiming that Defendant's adjustor made any specific promise to act quickly concerning the handling of Plaintiffs' claim or to hire a mold expert, proof of reliance by Plaintiffs on such alleged representations can be proven through testimony or documentation from Plaintiffs and/or the adjuster regarding what was actually discussed and/or promised.  Generalizations that appeared in a national advertising campaign that Plaintiffs may have seen – and that may or may not have influenced Plaintiffs' decision to purchase insurance from Defendant – have little or nothing to do with comments or "promises" made by the adjuster at issue in regarding to Plaintiffs' specific insurance claim.  Defendant's motion (Doc. 31) is, therefore, **GRANTED**.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 31) is **GRANTED**.

Dated at Wichita, Kansas on this 29th day of December, 2009.

  s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge